BILLINGS *v.* LEVITT.

1. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVIT—PARTICULARITY.
   An affidavit seeking to raise a factual issue contradicting the affidavit of one who moves for summary judgment must show affirmatively that the affiant, if sworn as a witness, can testify competently to the facts contained in the affidavit (GCR 1963, 116.4, 117.3).

2. SAME—SUMMARY JUDGMENT—AFFIDAVIT—SUFFICIENCY.
   Affidavit by business manager of union local, stating that defendant employer in action for back wages is a contractor subject to the provisions of a certain contract with the union, is not sufficient to raise a factual issue where there is no showing of when affiant became business manager for the union, or whether he was business manager for the union during the time plaintiff claims to have earned the wages which are the subject of the action, and where the affidavit fails to allege that affiant could testify competently to the facts in issue (GCR 1963, 116.4, 117.3).

3. LABOR RELATIONS—COLLECTIVE BARGAINING AGREEMENT—ENFORCEMENT—EXHAUSTION OF REMEDIES—NONUNION EMPLOYEE.
   A nonunion employee who seeks to enforce provisions of a collective bargaining agreement between his employer and a union *held,* to be required first to pursue and exhaust remedies afforded him under the collective bargaining agreement.

4. MASTER AND SERVANT—NONUNION EMPLOYEE—WAGE CLAIM—COLLECTIVE BARGAINING AGREEMENT.
   Plaintiff employee's inconsistent position claiming that plaintiff, a nonunion employee, could recover additional wages measured by a collective bargaining wage rate but at the same time could ignore the grievance remedies provided by

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 41 Am Jur, Pleadings § 340 *et seq.*
[3, 4] 31 Am Jur, Labor § 124 *et seq.*

the collective bargaining agreement, did not create any rights in plaintiff, and summary judgment for defendant on ground that plaintiff had failed to state a claim on which relief could be granted was proper (GCR 1963, § 117.2[3]).

Appeal from Wayne; Dingeman (Harry J., Jr.), J. Submitted Division 1 December 5, 1967, at Detroit. (Docket No. 2,789.) Decided March 28, 1968.

Complaint by Wayne Billings against Arthur Levitt, a former employer, to recover additional wages. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Alan Adelson,* for plaintiff.

*Levin, Levin, Garvett & Dill (David A. Goldman* and *Cecil G. Raitt,* of counsel), for defendant.

FITZGERALD, J. Plaintiff's complaint, filed in the Wayne County circuit court, claimed that he was employed by defendant for 55 weeks beginning December 10, 1963. He further alleged that defendant was a "union shop" electrical contractor in that it was under contract with the Local Union #58 of the International Brotherhood of Electrical Workers. He stated that union members were entitled to a wage rate of $4.60 per hour, and alleged that during his period of employment he was compensated at the rate of $2 and $3 per hour.

Plaintiff was not at any time a member of the union during his period of employment with defendant, and he brought the action to enforce payment to him of wages at the same rate as union members working for the same company, claiming there was $7,382.20 due him.

Defendant filed a motion for summary judgment with supporting affidavit and plaintiff filed a mem-

orandum in opposition, answering the grounds alleged in defendant's affidavit.

The trial court heard oral argument and granted defendant's motion on the ground that:

"Plaintiff's bill of complaint [sic] fails to state a cause of action, any rights of plaintiff breached by defendant or any legal basis for redress against defendant employer."

On appeal, plaintiff asks that the decision of the trial court be reversed and the matter remanded for trial on the merits.

Plaintiff's broad question on appeal is whether the pleadings in this cause fail to state a claim against the defendant. It can be answered by an examination of the grounds urged by defendant in his motion for summary judgment and restated in his brief:

"(1) Defendant never executed nor was he a signatory to any collective bargaining agreement.

"(2) Plaintiff had failed to exhaust the grievance machinery set forth in the union contract purportedly effective.

"(3) Plaintiff had neither the experience nor the qualifications necessary to support his wage claim under the union contract purportedly effective.

"(4) Plaintiff's complaint is vague, uncertain and ambiguous and fails to identify with particularity the collective bargaining agreement upon which plaintiff asserts his alleged cause of action."

In answer to (1) and (4), *supra,* plaintiff filed an affidavit of Joseph C. LaPlante, business manager for the International Brotherhood of Electrical Workers, Local #58, stating that defendant is a contractor subject to the Articles of Agreement and Working Rules between the Southeastern Michigan Chapter National Electrical Contractors Association of Detroit, Michigan, and Local Union #58 In-

ternational Brotherhood of Electrical Workers, Detroit, Michigan. An affidavit such as this, while it seeks to raise a factual issue contradicting defendant's affidavit, falls short of the particularity mark set by GCR 1963, 116.4, which states that affidavits shall show affirmatively that the affiant, if sworn as a witness, can testify competently to the facts contained therein. There is no definitive showing of when he became business manager for the local, whether he was business manager during the period of time in question, and fails to allege that he could testify competently to the facts in issue.

Point (2), *supra,* is a matter of open admission for plaintiff since he never alleges exhaustion of union grievance machinery, but rather argues that because of the union attitude toward nonunion employees, he had abundant reason to proceed directly to the courts without first utilizing the union grievance procedure. He relies heavily on an annotation in 18 ALR2d, p 370, § 6:

"It has been generally held that the collective labor agreement made between an employer and a labor union for the benefit of all the employees or a class of employees, may be enforced by an individual employee within the scope of the agreement, even though he is not a member of the contracting union."

In plaintiff's memorandum of law in opposition to granting the summary judgment, he cites a number of cases from other jurisdictions bearing out this minority holding, but none from Michigan. In view of the position of our courts requiring an employee who seeks to enforce provisions of a collective bargaining agreement to first pursue and exhaust remedies afforded him under that agreement, we are unable to extend an exemption from this rule to a nonunion employee. For holdings requiring

such exhaustion of remedies, see *Cortez* v. *Ford Motor Company* (1957), 349 Mich 108; *Spencer* v. *Wall Wire Products Company* (1959), 357 Mich 296; *Kennedy* v. *UAW–AFL–CIO Local No. 659* (1966), 3 Mich App 629; and *Alarcon* v. *Fabricon Products, Division of Eagle-Picher Company* (1966), 5 Mich App 25.

Plaintiff's inconsistent position alleging that he, as a nonunion member, can base his recovery of additional wages on an agreement which he can ignore from a grievance standpoint does not strike us as of the caliber to create any rights in him.

Defendant's position on point (3), *supra,* relative to plaintiff's experience and qualifications, is never fully answered by plaintiff and does not seem to us to be particularly cogent to the discussion at hand.

In summary, we agree with the trial court on plaintiff's failure to state a claim. The action of dismissal was totally within the purview of our practice in the use of summary judgment procedure. See *Durant* v. *Stahlin (Appeal in re Van Dusen, Elliott, Romney)* (1965), 375 Mich 628. See, also, *Dionne* v. *Pierson Contracting Company* (1965), 2 Mich App 134.

Affirmed. Costs to appellee.

LESINSKI, C. J., and McGREGOR, J., concurred.