POMPEY v. GENERAL MOTORS CORPORATION

LABOR RELATIONS—COLLECTIVE BARGAINING CONTRACT—EXHAUSTION
OF REMEDIES—ACCELERATED JUDGMENT.

> An employer against which an employee sought to enforce
> provisions of a collective bargaining contract between the
> employer and the employee's union was properly granted an
> accelerated judgment where the employee had failed to exhaust
> his remedies under the contract, the record fails to indicate
> anything from which it may be inferred that the employer
> repudiated the contractual procedures, and there is no showing
> that the union refused, wrongfully or otherwise, to process
> the employee's grievance based on alleged racial discrimina-
> tion in a job transfer.

Appeal from Genesee, Anthony J. Mansour, J.
Submitted Division 2 May 7, 1970, at Lansing.
(Docket No. 6,813.) Decided May 26, 1970. Leave
to appeal granted September 1, 1970. 383 Mich 825.

Complaint by Jesse James Pompey against General Motors Corporation, UAW Local 1292, and International UAW charging racial discrimination in a job transfer. Action against the local and international unions dismissed by stipulation. Accelerated judgment for General Motors Corporation. Plaintiff appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTE
48 Am Jur 2d, Labor and Labor Relations § 1304 et seq.

*Philo, Maki, Ravitz, Glotta, Adelman, Cockrel &
Robb,* for plaintiff.

*Ross L. Malone,* General Counsel, and *Harry S.
Benjamin, Jr., Edmund J. Dillworth, Jr.,* and *Eugene
L. Hartwig,* for General Motors Corporation.

Before: T. M. Burns, P. J., and Quinn and
Roberts,[*] JJ.

Quinn, J.   December 13, 1968, the trial court
granted General Motors Corporation's (hereinafter
referred to as defendant) motion for accelerated
judgment.   Judgment of dismissal entered and plain-
tiff appeals.

May 23, 1964, plaintiff, a Negro employed as a
crane operator by defendant, dropped a die from the
crane he was operating.   Effective May 28, 1964,
plaintiff was transferred from crane operator to
press operator.   At plaintiff's request and effective
August 31, 1964, he was transferred to crane hooker.
Prior to May 23, 1964, four other complaints on
plaintiff's operation of the crane had been received
by defendant, and plaintiff had one prior demotion
for his unsatisfactory performance as a crane op-
erator.

Plaintiff was a member of UAW–CIO, Local No.
1292, which with the international union, was plain-
tiff's collective bargaining representative.   Defend-
ant and the unions executed a collective bargaining
contract September 20, 1961 which was in effect May
23, 1964.   Among other things, the contract placed
sole responsibility for transferring employees with
management and provided:

---

[*] Circuit Judge, sitting on the Court of Appeals by assignment.

"Any claim of personal prejudice or any claim of discrimination for union activity in connection with transfers may be taken up as a grievance. Such claims must be supported by written evidence submitted within 48 hours from the time the grievance is filed."

May 27, 1964, plaintiff filed a grievance with his foreman which read: "Protest management removing me from the crane operator group. Demand that I be returned to the crane operator group at once." On the bottom of the grievance slip under the heading "Disposition by foreman" is the following: "The complainant was properly transferred to the press operator classification. Grievance denied." This is dated May 28, 1964 and signed by the foreman.

January 15, 1965, plaintiff filed an application for the issuance of a complaint against defendant with the Michigan Civil Rights Commission alleging in essence that his transfer from crane operator was discriminatory because it was based on his race. This claim was dismissed by the commission April 27, 1965 and no appeal was taken by plaintiff.

November 17, 1965, plaintiff filed his four-count complaint in this action. Counts two and four set forth plaintiff's alleged action against his local union. Count two alleges that plaintiff's transfer from crane operator was discriminatory and based on his race in violation of Const 1963, art 1, § 2, and CLS 1961, § 423.303(c) (Stat Ann 1968 Rev § 17.458[3][e]). Count four alleges that plaintiff's local union violated its contractual duty fairly and adequately to represent him with respect to his grievance. On the basis of a stipulation entered into between plaintiff and the local and international unions, the trial court dismissed plaintiff's action against the unions.

Count one of plaintiff's complaint alleges that defendant transferred him from crane operator be-

cause of his race in violation of the constitutional and statutory provisions cited, *supra.* Count three charges defendant with violating the discrimination provisions of the contract of September, 1961 by transferring plaintiff from crane operator because of his race. The basis for the cause of action set forth in counts one and three is the charge of racial discrimination.

The accelerated judgment of dismissal below was based on the fact that plaintiff had failed to exhaust his remedies under the collective bargaining contract. This is a recognized basis for the relief granted, *Billings* v. *Levitt* (1968), 10 Mich App 399. The rule is not applied if it is shown that conduct of the employer amounts to a repudiation of the contractual procedures or if it is shown that plaintiff was prevented from exhausting the contractual remedies by the union's wrongful refusal to process the grievance, *Vaca* v. *Sipes* (1967), 386 US 171 (87 S Ct 903, 17 L Ed 2d 842), *Harrison* v. *Arrow Metal Products Corporation* (1969), 20 Mich App 590.

There is nothing in the record before us to indicate or from which we may infer that the employer repudiated the contractual procedures. Similarly, there is no showing that the union refused, wrongfully or otherwise, to process plaintiff's grievance based on alleged discrimination. Plaintiff never filed such a grievance.

Affirmed with costs to defendant.

All concurred.