WASHINGTON v CHRYSLER CORPORATION

1. LIMITATION OF ACTIONS—TOLLING OF STATUTE OF LIMITATIONS— STATUTES.

Statutes of limitations are tolled when (1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when (2) jurisdiction over the defendant is otherwise acquired, or when (3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, in which case the statute shall not be tolled longer than 90 days thereafter (MCLA 600.5856; MSA 27A.5856).

2. LIMITATION OF ACTIONS—EMPLOYMENT—DISCRIMINATORY PRACTICES —INDEPENDENT REMEDIES.

Contractual, statutory and constitutional rights which an employee may assert against alleged discriminatory employment practices are independent remedies; therefore, the pursuit of one remedy does not toll the limitation period applicable to another remedy.

3. TORTS—LIMITATION OF ACTIONS—REPRESENTATION BY UNIONS.

Claims by an employee against his union based upon allegations of unfair representation sound in tort not contract; therefore, the tort three-year statute of limitations applies to charges by an employee that a union and its officers have failed to fairly represent the employee in the course of negotiations for the reinstatement of his job.

4. LIMITATION OF ACTIONS—ADMINISTRATIVE REMEDIES—CIVIL REMEDIES.

The statute of limitations applicable to a civil action is not tolled

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur 2d, Limitation of Actions § 138 *et seq.*

[2, 4] 1 Am Jur 2d, Administrative Law § 46.

15 Am Jur 2d, Civil Rights § 73.

51 Am Jur 2d, Limitation of Actions § 27 *et seq.*

Federal court's adoption of state period of limitation, in action to enforce federally created right, as including related or subsidiary state laws or rules as to limitations. 90 ALR2d 265.

[3] 48 Am Jur 2d, Labor and Labor Relations §§ 273 *et seq.,* 771.

by prior action seeking administrative relief for the same harm or transaction, since remedies sought from an administrative agency may not be concurrent in scope, purpose or source with the remedies provided in the civil action and the limitation periods and parties may likewise differ.

Appeal from Wayne, Richard M. Maher, J. Submitted March 3, 1976, at Detroit. (Docket No. 22183.) Decided April 5, 1976.

Complaint by Willie Washington against Chrysler Corporation, UAW/CIO Local 51, and others, for damages for wrongful discharge from employment. A motion by defendant Chrysler Corporation for summary judgment was denied. On interlocutory appeal, reversed and remanded. *Washington v Chrysler Corporation,* 63 Mich App 156 (1975). On remand, the trial court granted an accelerated judgment in favor of defendants union and union officers. Plaintiff appeals. Affirmed.

*Henry, Smith, Sabbath and Dillard,* for plaintiff.

*Kelman, Loria, Downing* and *Schneider,* for defendant U.A.W. and Local 51.

*A. William Rolf,* for defendant Chrysler Corporation.

Before: D. E. HOLBROOK, JR., P. J., and McGREGOR and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. Plaintiff Willie Washington appeals from the grant by the Wayne County Circuit Court of a motion made by defendant union and defendant union officers for an accelerated judgment against him, GCR 1963, 116.1(5). The accelerated judgment was based on a finding

by the trial court that plaintiff's claim was barred by the statute of limitations.

The course of this sustained litigation began on May 1, 1968 when plaintiff was fired from his job at Chrysler Corporation. On November 17, 1969, plaintiff filed a complaint before the Michigan Civil Rights Commission wherein he alleged that he had been discriminated against because of race. The allegation was basically that Chrysler had failed to reinstate plaintiff while they had agreed to reinstate white employees guilty of similar misconduct. On February 8, 1971, the Michigan Civil Rights Commission ordered a dismissal of the charge finding that there was no evidence of unlawful discrimination against the plaintiff. It appears that no appeal was made from the determination of the commission to dismiss the complaint.

After the commission's dismissal of his claim, plaintiff brought suit in Wayne County Circuit Court. The complaint dated May 23, 1972, alleged that plaintiff was discharged for unsubstantiated allegations of misconduct. He alleged further that he had been discharged through the failure of his union and its agents to fairly represent him in good faith during the course of negotiations for his reinstatement. Plaintiff also alleged that he was singled out for particularly strict treatment, possibly on the basis of racial discrimination. Plaintiff requested damages therefor.

On October 26, 1972, the parties stipulated to permit plaintiff to amend his complaint. In response to that stipulation, plaintiff, on November 24, 1972, executed an amended complaint. Count I realleged the purported cause of action contained in his original complaint. Count II alleged that plaintiff was a third-party beneficiary of the collective bargaining contract between the union and

the company. It was claimed that the union and its agents had breached the contract by failing to fairly represent plaintiff in good faith. Count III alleged that Chrysler Corporation breached the collective bargaining contract and company policy by firing defendant and failing to rehire him.

The defendants then filed motions for summary judgment. The court held that the motion of defendant Chrysler Corporation should be denied. An interlocutory appeal was taken and, upon hearing in this Court, it was held that the trial court had erred by denying Chrysler's motion for summary judgment. *Washington v Chrysler Corp,* 63 Mich App 156; 234 NW2d 434 (1975). Chrysler is, thus, no longer a party to this litigation.

The trial court, however, found that plaintiff's claim against defendant union and its officers was barred by the statute of limitations. It was the view of the trial court that the claim of plaintiff against the union defendants sounded in tort and was therefore barred by the three-year statute of limitations.

On appeal, plaintiff utilizes two arguments as a foundation for his contention that the statute of limitations should not have been held to bar his claim: (1) that his claim against defendant union sounded in contract, not in tort, and, therefore, a six-year period should have been applied and (2) that, if the tort limitations period applied, his appeal to the Civil Rights Commission tolled the running of that period.

The issue posed by plaintiff's first appellate contention was recently decided in an extensive and well-reasoned opinion, *Glowacki v Motor Wheel Corp,* 67 Mich App 448; 241 NW2d 240 (1976). *Glowacki* held that claims based on fair representation sounded in tort, not contract. We agree with and adopt the *Glowacki* reasoning and holding.

We also reject plaintiff's second claim. We hold that a claim to the Civil Rights Commission does not toll the running of a statute of limitations applicable to a civil action arising out of the transaction on which the Civil Rights Commission claim was based. RJA § 5856; MCLA 600.5856; MSA 27A.5856, specifically details the instances in which statutes of limitations are tolled. That section provides:

"The statutes of limitations are tolled when
(1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when
(2) jurisdiction over the defendant is otherwise acquired, or when,
(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter."

The instant facts fall within none of these categories. Defendant union and its officials were not a part of the Civil Rights Commission action, nor were they even served with notice of it.

Nonetheless, plaintiff urges that we adopt a judicial addition to RJA § 5856, one based on public policy. In making this argument, plaintiff relies heavily on the case of *Culpepper v Reynolds Metals Co,* 421 F2d 888 (CA 5, 1970). Plaintiff in *Culpepper,* claiming that he was the victim of racial discrimination in job promotion, filed a claim with the Equal Employment Opportunity Commission (EEOC). The commission found that there existed probable cause of a violation of Title VII of the 1964 Civil Rights Act. Plaintiff then filed suit against his employer. The trial court dismissed plaintiff's Title VII claim for failure to

file charges within the time limit mandated by law for filing a complaint with the EEOC. On appeal, the circuit court of appeals reversed, and held in part that:

"the statute of limitations, which has been held to be a jurisdictional requirement, is tolled once an employee invokes his contractual grievance remedies in a constructive effort to seek a 'private settlement of his complaint'." (Footnote omitted.)

Without making any decision concerning our ability to engraft judicial exceptions onto the statutory provisions for tolling limitation periods, we reject application of the *Culpepper* case and its reasoning to the instant one. First, *Culpepper* dealt with a limitation period for filing grievances with an administrative body, not with a statute of limitations for a civil case. Courts have distinguished between the two types of time periods and have exhibited a significantly greater willingness to relax administrative time limitations than to alter those applicable to civil actions. See *e.g. White v Motor Wheel Corp*, 64 Mich App 225; 236 NW2d 709 (1975), *lv den* 395 Mich 811 (1975).

Second, unlike *Culpepper*, where the defendant had actual notice of the complaint against it, in the instant case, plaintiff's complaint to the Civil Rights Commission never informed defendant union of any claimed cause of action. Any defendant's lack of knowledge of a possible lawsuit will inevitably impair preparation and result in the loss of evidence which might otherwise have been preserved.

Finally, and most significantly, unlike *Culpepper*, the remedies sought here by plaintiff were not concurrent in scope, purpose or source. Administrative and civil remedies differ in both substance

and procedure. As another panel recently noted in a case which also involved a claim of discrimination in employment,

"[t]he independent source of the various remedies available to an employee subjected to alleged discrimination precludes us from accepting the * * * claim that pursuit of one remedy should toll the limitation period applicable to another remedy." *Chrysler Corp v Michigan Civil Rights Commission,* 68 Mich App 283; 242 NW2d 556 (1976).

We choose to follow recent decisions which have stressed the independence of the contractual, statutory and constitutional rights which an employee may assert against discriminatory employment practices. *Johnson v Railway Express Agency, Inc,* 421 US 454; 95 S Ct 1716; 44 L Ed 2d 295 (1975), *Alexander v Gardner-Denver Co,* 415 US 36; 94 S Ct 1011; 39 L Ed 2d 147 (1974), *Guy v Robbins & Myers, Inc,* 525 F2d 124; 44 USLW 2220, (CA 6, 1975) (which rejected *Culpepper v Reynolds Metals Co, supra).* See also *Pompey v General Motors Corp,* 385 Mich 537; 189 NW2d 243 (1971).

For the above reasons, the trial court is affirmed. Costs to defendants-appellees.