HERNDEN v CONSUMERS POWER COMPANY

OPINION OF THE COURT

1. LIMITATION OF ACTIONS—MICHIGAN STATE FAIR EMPLOYMENT PRAC-
TICES ACT—DISCRIMINATION IN EMPLOYMENT—CIVIL RIGHTS
COMMISSION—JUDICIAL REMEDY—AGE DISCRIMINATION—STAT-
UTES.

The 90-day statute of limitations provided in the Michigan State
Fair Employment Practices Act applies only to the time limit
for filing a complaint alleging discrimination in employment
with the Michigan Civil Rights Commission, a statutory rem-
edy, and does not apply to a plaintiff's cumulative and indepen-
dent judicial remedy for redress of his right to be free from age
discrimination in private employment (MCLA 423.307(b); MSA
17.458(7)(b)).

2. CIVIL RIGHTS—DAMAGES—STATUTORY RIGHT—DISCRIMINATION—
PRIVATE EMPLOYMENT.

A civil damage action may be brought to redress violations of the
right created by statute to be free from discrimination in
private employment.

3. LIMITATION OF ACTIONS—DISCRIMINATION IN EMPLOYMENT—AGE
DISCRIMINATION—CIVIL DAMAGE ACTIONS—MICHIGAN STATE
FAIR EMPLOYMENT PRACTICES ACT—STATUTES.

A civil damage action for alleged age discrimination in employ-
ment is not barred by the 90-day limitation period contained in
the Michigan State Fair Employment Practices Act (MCLA
423.307(b); MSA 17.458(7)(b)).

4. MASTER AND SERVANT—CONTRACTS—EMPLOYMENT—INDEFINITE PE-
RIOD—BREACH OF CONTRACT—TERMINATION—ARBITRARY AND
CAPRICIOUS DISCHARGE.

An employment contract of indefinite hire is not breached where

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 48 Am Jur 2d, Labor and Labor Relations §§ 927–933.
[2] 15 Am Jur 2d, Civil Rights § 397.
[4, 6] 53 Am Jur 2d, Master and Servant §§ 17, 27, 34, 43, 60.
[5] 50 Am Jur 2d, Libel and Slander § 146 *et seq.*

an employee is arbitrarily and capriciously discharged by his employer, because such contracts are terminable at the will of either party with or without cause.

5. LIBEL AND SLANDER—CAUSE OF ACTION—PUBLICATION.
   A complaint fails to state a cause of action for libel where it does not state where, when, or to whom the alleged libelous statement was published, or that there was a publication to anyone other than the plaintiff himself.

CONCURRENCE BY D. E. HOLBROOK, JR., J.

6. MASTER AND SERVANT—CONTRACTS—EMPLOYMENT—INDEFINITE PERIOD—TERMINATION—DISTINGUISHING FEATURES—PROMISES—CONSIDERATIONS.
   Contracts for personal services for permanent employment or for life are considered indefinite hirings, terminable at the will of either party, unless there are distinguishing features, or promises, or a consideration in addition to the services to be rendered.

Appeal from Macomb, Edward J. Gallagher, J. Submitted May 4, 1976, at Detroit. (Docket No. 25001.) Decided November 22, 1976.

Complaint by Mervin W. Hernden against Consumers Power Company for wrongful discharge from employment and libel. Accelerated judgment for defendant on two counts and summary judgment for the defendant on the remaining counts. Plaintiff appeals. Affirmed in part and reversed in part.

*De Lisle & Harper, P. C.,* for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Marilyn Jean Kelly),* for defendant.

Before: BRONSON, P. J., and D. E. HOLBROOK, Jr., and D. F. WALSH, JJ.

BRONSON, P. J. Plaintiff, Mervin W. Hernden,

claims that after some 28 years of employment with defendant, Consumers Power Company, he was discharged by defendant on June 21, 1974. He claims that defendant's action was arbitrary and capricious and at least in part based on plaintiff's age of 51 years at the time of the alleged discharge.

Plaintiff commenced this action on February 25, 1975. Counts 1 and 2 of his complaint alleged that his discharge violated the Michigan State Fair Employment Practices Act, MCLA 423.301 *et seq.;* MSA 17.458(1) *et seq.,* prohibiting discrimination on the basis of age in private employment. Count 4 of the complaint alleged that plaintiff's wrongful discharge constituted a breach of an employment contract between plaintiff and defendant. Count 6 charged defendant with libeling plaintiff. Several other counts were included in plaintiff's complaint but are no longer at issue in this case.

On March 21, 1975, defendant filed a motion requesting accelerated judgment pursuant to GCR 1963, 116.1(5) on Counts 1 and 2 of plaintiff's complaint. Defendant asserted that these two counts were barred by the 90-day statute of limitations contained in the Michigan State Fair Employment Practices Act, MCLA 423.307(b); MSA 17.458(7)(b).

Defendant's motion further requested summary judgment on the remaining counts of plaintiff's complaint on the basis that none of the remaining counts stated a claim upon which relief could be granted. GCR 1963, 117.2(1). As to Count 4, defendant asserted that the contract referred to in plaintiff's complaint, a collective bargaining agreement, had long since expired. Defendant claimed alternatively that the allegations in Count 4 were insufficient to state a cause of action for breach of a

collective bargaining agreement because plaintiff had failed to allege exhaustion of contractual provisions for redress of grievances and arbitration.

Count 6 was claimed to be insufficient because of plaintiff's failure to allege with specificity the alleged libelous statements, their publication, or that they were made by an agent of defendant while in the discharge of his duties as agent.

Plaintiff subsequently filed an amended complaint as to Count 6 on April 29, 1975.

On June 13, 1975, the trial judge adopted defendant's brief as its opinion and on June 30, 1975, entered an order granting defendant's motion for accelerated judgment as to Counts 1 and 2, and summary judgment as to the remainder of the counts in plaintiff's complaint, and dismissing plaintiff's action. Plaintiff's subsequent motions for relief from this order and for leave to file an amended complaint were denied on July 23, 1975. Plaintiff now appeals and challenges the trial court's order granting defendant accelerated judgment and summary judgment as to Counts 1, 2, 4, and 6 of his complaint.

I.

Plaintiff first claims that the trial court erred in applying the 90-day statute of limitations to the counts of his complaint alleging age discrimination in employment. We agree. The 90-day statutory limit by its terms applies only to the time limit for filing a complaint alleging discrimination in employment with the Michigan Civil Rights Commission. It applies only to the statutory remedy provided by the Michigan State Fair Employment Practices Act and not to plaintiff's cumulative and independent judicial remedy for redress of his

right to freedom from age discrimination in private employment.

Our holding is mandated by the Supreme Court decision in *Pompey v General Motors Corp,* 385 Mich 537; 189 NW2d 243 (1971). It was in that case that the Supreme Court recognized the existence of a civil damage action to redress violations of statutorily created rights to be free from discrimination in private employment. We think that decision also held that the 90-day limitation period applicable to the statutory remedy created by the Michigan State Fair Employment Practices Act had no application to the newly recognized judicial remedy.

In *Pompey,* the plaintiff, who was black, filed a complaint in circuit court charging his employer with racial discrimination. Plaintiff claimed that his employer suspended him from employment and demoted him for reasons which would not have resulted in similar actions against white employees. Such racially motivated actions, if proven, would have constituted a violation of the Michigan State Fair Employment Practices Act.

The defendant employer asserted at the trial court level and again on appeal that since the plaintiff alleged violations of that act, he should be bound by the 90-day statute of limitations contained in the act. *Pompey, supra,* 543, 550. The trial court, however, granted the defendant accelerated judgment on plaintiff's discrimination count for reasons not entirely clear on the record and the Court of Appeals affirmed this disposition of the discrimination count without discussion of its reasons. *Pompey, supra,* 548–549, footnotes 4, 5, *Pompey v General Motors Corp,* 24 Mich App 60; 179 NW2d 697 (1970).

On appeal to the Supreme Court, defendant

General Motors again contended that plaintiff's action on his claim of racial discrimination in employment was barred because his suit was instituted more than 90 days after the alleged act of discrimination. The Supreme Court addressed this contention as follows:

"Defendant contends that since Count I of plaintiff's complaint alleges that the action which the employer took on May 28, 1964, constitutes a violation of the Michigan State Fair Employment Practices Act, plaintiff is bound by the statute of limitations embodied in that act which expressly provides that complaints of violations of the act must be filed within 90 days after the, alleged act of discrimination. In support of that contention, defendant notes the general rule of law that one who sues to enforce a statutory right is restricted by the statutory limitation of time within which suit must be brought. We re-affirm our adherence to this rule and are therefore constrained to agree with defendant that plaintiff's *statutory* remedy is barred since the applicable limitational period has run. But it is transparently clear that plaintiff in Count I is asserting a cumulative judicial remedy for redress of his civil right to freedom from discrimination in private employment, rather than any *statutory* remedy." *Pompey v General Motors Corp,* 385 Mich 537, 550–551; 189 NW2d 243 (1971). (Footnotes omitted.)

Defendant's argument on this appeal, that the Court in *Pompey* did not decide the question of whether the 90-day limitation period applied to the plaintiff's cumulative judicial remedy as well as to the statutory remedy, must be rejected. That the civil action asserted by the plaintiff in *Pompey* was *not* barred by the statutory limitation period is the only conclusion which can be drawn from the language quoted above. The holding could hardly have been more clear if spelled out word-by-word. Moreover, unless this was the holding of

the Supreme Court, their conclusion would necessarily have been that the plaintiff's asserted judicial remedy, as well as his statutory remedy, was barred. Instead, the Court went on to discuss whether the judicial remedy asserted would be recognized. The cause of action was recognized and the decisions of the trial court and the Court of Appeals were reversed.

Decisions since *Pompey,* although not dealing directly with the issue presented here, have stressed the independence in scope, purpose and source of statutory, civil and contractual remedies for alleged discrimination in private employment. See, *e.g., Civil Rights Commission v Chrysler Corp,* 64 Mich App 393; 235 NW2d 791 (1975), *Civil Rights Commission v Clark,* 390 Mich 717; 212 NW2d 912 (1973), *Chrysler Corp v Civil Rights Commission,* 68 Mich App 283; 242 NW2d 556 (1976), *Weiss v Ford Motor Co,* 64 Mich App 519; 236 NW2d 124 (1975). Moreover, the recent decision in *Washington v Chrysler Corp,* 68 Mich App 374; 242 NW2d 781 (1976), reaches a conclusion which necessarily assumes the holding we make explicit here.

We hold that plaintiff's civil damage action for alleged age discrimination in employment is not barred by the 90-day limitation period contained in the Michigan State Fair Employment Practices Act. The trial court's dismissal of Counts 1 and 2 of plaintiff's complaint must therefore be reversed.

## II.

Count 4 of plaintiff's complaint alleges that plaintiff's discharge constituted a breach of an employment agreement between the parties in that the discharge was arbitrary and capricious. Plaintiff admits that the collective bargaining

agreement in effect at the time he was first hired in 1946 expired the following year and that he was not covered by any other collective bargaining agreement at the time of his discharge. He asserts, however, the existence of a continuing implied contract which he claims was entered into on the date of his hire in 1946 and evidenced thereafter by the acts of the parties.

We think the trial court correctly granted summary judgment for defendant on this count. Plaintiff has at best alleged a contract of indefinite hire. Such contracts are terminable at the will of either party, with or without cause. *Lynas v Maxwell Farms,* 279 Mich 684; 273 NW 315 (1937), *Adolph v Cookware Co of America,* 283 Mich 561; 278 NW 687 (1938). Such a contract is not violated even by an arbitrary and capricious discharge. Plaintiff has thus failed to state a claim in this count upon which relief can be granted and summary judgment was properly granted.

### III.

Count 6 of plaintiff's complaint charged defendant with libeling plaintiff in that plaintiff's employment file reflected that plaintiff was not a competent employee. An amended version of this count alleged that plaintiff was defamed when defendant, through its agents, stated that plaintiff's employment was terminated because of his lack of productivity. Summary judgment was correctly granted as to this count. Plaintiff failed to allege where, when, or to whom this statement was published, or that there even was a publication to anyone other than the plaintiff himself. Plaintiff's allegations thus failed to state a cause of action for libel. 11 Callaghan's Michigan Pleading & Practice (2d ed), § 78.09, pp 256–257. Summary

judgment was thus appropriately granted on this count.

Affirmed in part and reversed in part. No costs.

D. F. WALSH, J., concurred.

D. E. HOLBROOK, JR., J. *(concurring).* Since no distinguishing features exist in the contract for personal services for employment such as we found to be present in *Hackett v Foodmaker, Inc,* 69 Mich App 591; 245 NW2d 140 (1976), I agree that the trial court should be affirmed.