DELMAR DEATRICK, Plaintiff-Appellant, *v.* FUNK SEEDS INTERNATIONAL, a Company of Ciba-Geigy Corporation, Defendant-Appellee.

Fourth District   No. 4—82—0149

Opinion filed October 26, 1982.—Rehearing denied November 22, 1982.

Herrick, Rudasill and Moss, of Clinton (Ray Moss, of counsel), for appellant.

Dunn, Brady, Goebel, Ulbrich, Morel & Kombrink, of Bloomington (William M. Goebel and Mark T. Dunn, of counsel), for appellee.

JUSTICE WEBBER delivered the opinion of the court:

Plaintiff filed an action against defendant, his former employer, in the circuit court of McLean County alleging retaliatory discharge for filing a claim for workers' compensation. The trial court entered summary judgment for the defendant and plaintiff appeals. We affirm.

The principal issue on appeal is whether plaintiff has failed to exhaust his administrative remedies under the collective bargaining contract between his union and the defendant. We hold that he has and adopt the holding and rationale of *Cook v. Caterpillar Tractor Co.* (1980), 85 Ill. App. 3d 402, 407 N.E.2d 95. In *Cook* the appellate court reasoned that *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353, which established a cause of action for retaliatory discharge, applied to employees at will, since they possessed no other remedy; but that *Kelsay* did not apply to workers covered by a collective bargaining contract, since they possessed a remedy under the contract.

The facts of the case at bar place it somewhere between *Kelsay* and *Cook*. In *Kelsay* the plaintiff was an employee at will; in *Cook* the plaintiff was clearly a member in good standing of the union; in the instant case plaintiff had been dropped from the union rolls of membership for nonpayment of dues. Nevertheless, plaintiff was still a member of the bargaining unit as defined in the collective bargaining contract.

The operative facts are taken from the common law record: plaintiff was injured on the job on July 18, 1972, and remained off the job thereafter until his termination; on October 1, 1973, his doctor released him to light duty and he made several inquiries of defendant concerning work but none was forthcoming; he filed his claim for

workers' compensation on January 18, 1974; after hearing before an arbitrator he was granted an award which was reviewed by the Industrial Commission and made final on April 9, 1975; meanwhile, on June 1, 1975, defendant terminated plaintiff's employment, stating that the termination was "due to injury." Plaintiff then filed the instant complaint on October 5, 1976.

The procedural history of the case is more convoluted. Some preliminary motions were filed and on September 26, 1977, the defendant answered with a general denial; no affirmative defenses were raised. On September 14, 1979, defendant was granted leave to withdraw its answer and to file a motion to strike certain allegations of the complaint relating to punitive damages; this motion was allowed and the complaint was amended by interlineation, striking those allegations. Defendant then filed a motion to dismiss which was based on *Kelsay*, alleging that the cause of action for retaliatory discharge did not exist at the time the complaint was filed. These latter actions took place after the supreme court's opinion in *Kelsay* was handed down; by agreement the parties had continued the litigation until that opinion had been received.

The motion to dismiss was taken under advisement by the trial court and was exhaustively briefed by the parties. It was ultimately denied by the trial court on November 26, 1979. Defendant then answered the complaint as amended, again setting up a general denial, but also alleging as an affirmative defense that plaintiff had not exhausted his remedies under the collective bargaining agreement.

The case then went on dead center again and showed no activity save for some sporadic discovery and pretrial calls until January 27, 1982, when defendant filed a motion for summary judgment based on *Cook*. The motion alleged that plaintiff had been a member and officer of the union at defendant's plant; attached to the motion were copies of the collective bargaining agreements in force from November 1970 to November 1975. The pertinent provision was contained in article III of the agreements and related to grievances. It provided:

"ARTICLE III

*Grievance Procedure and Arbitration*

*Section 1.* Whenever any grievance or dispute arises out of the terms and conditions of this contract between the Company and any of its employees covered hereby, the following procedure shall be used:

(1) The employee shall attempt to settle the matter with the Superintendent of the Division involved, accompanied, if the employee desires, by one steward.

(2) If the grievance is not settled in the first step, it shall then be taken up by the steward with the Manager of the Division involved. If an agreement is reached by them, it shall be binding upon all parties.

(3) If no settlement is reached in the foregoing step, the grievance shall be reduced to writing and shall be taken up by the Shop Committee and the General Manager of the Company, or his appointee. In the event an agreement is reached by them, it shall be binding upon all parties.

*Section 2.* The Company will recognize a Shop Committee of three (3) persons selected by the Union for the purpose of adjusting grievances, as aforesaid. Meetings for the adjustment of grievances shall be held on the fourth Friday of each month at 3:30 p.m.; provided, however, that in the event of an emergency, a meeting shall be held at such time as may be mutually agreed upon.

*Section 3.* Cases of employees claiming to have been unjustifiably discharged shall come within the purview of this Article and shall be decided in accordance therewith. Complaints thereof in writing shall be filed with the superintendent within three working days from the date of discharge. In the event of a failure to file such claim within such time, same shall be considered as having been waived by the employee and the Union. Employees found to have been unjustifiably discharged and ordered reinstated shall be paid for time lost."

Also attached to the motion were affidavits and other documentary evidence from defendant's employees which indicated that neither plaintiff nor anyone on his behalf had filed any complaints for unjustifiable discharge.

In response plaintiff filed a counteraffidavit in which he stated that he had been a member of the union and that his union dues had been withheld from his wages at his request during his time of employment; that after his injury he received no wages and therefore dues payments to the union had ceased; as a consequence he was dropped from the union membership rolls for failure to pay dues. He further stated that at the time of his termination he talked to some union officers about assistance to him but was told that since he was no longer a union member, nothing could be done for him.

The trial court first denied the motion for summary judgment apparently on the basis that the plaintiff in *Cook* was undoubtedly a union member while plaintiff in the instant case was not. Defendant then filed a motion to reconsider and argued that even if plaintiff

were not a union member, he was still a member of the bargaining unit which under the contract included all of defendant's employees with certain exceptions not pertinent here; and that it was the duty of the union fairly to represent all members of the bargaining unit. On reconsideration the trial court allowed the motion for summary judgment in favor of the defendant and this appeal ensued.

■ Plaintiff's principal argument is that by requesting the union to represent him he did everything necessary to exhaust his administrative remedies. The argument must fail because it ignores the initiative which lies on the plaintiff himself and the record is devoid of any proper indication that the union acted improperly.

Any fair reading of article III of the collective bargaining agreement set forth above demonstrates that a grievance, which by definition includes unjustifiable discharge, must be initiated by the employee. Since plaintiff was not actively on the job, it is reasonable to assume that steps 1 and 2 of the procedure were unnecessary. The agreement itself so indicates by providing in section 3 that "complaints thereof," *i.e.*, of unjustifiable discharge, should be filed in writing with the superintendent within three days of discharge. Nothing in this language limits such a filing to the union only. Yet the record here demonstrates without contradiction that no such grievance was ever filed.

■ Plaintiff appears to argue that his status as a nonunion member excuses him from the provisions of the collective bargaining agreement. The argument is without foundation. As the trial court properly held, the agreement by its own terms includes union as well as nonunion employees. Plaintiff's nonunion status was of his own doing. The cessation of dues checkoff did not forfend other arrangements for the payment of dues. Plaintiff's own allegation of discharge from employment on June 1, 1975, carries with it a necessary implication of status as employee prior to that time.

In *Billing v. Levitt* (1968), 10 Mich. App. 399, 159 N.W.2d 376, a nonunion employee sued his employer to recover wages paid to union employees. The Michigan court held that where the nonunion employee was a member of the bargaining unit, he must exhaust the grievance machinery as a condition precedent to suing the employer.

Plaintiff nowhere claims ignorance of the grievance procedure, nor could he, since he appears as one of the signatories to one of the agreements on behalf of the union, specifically as secretary of the local.

We also deem it significant that plaintiff nowhere claims any wrongful conduct on the part of the union. He alleges only a conver-

sation at about the time of his discharge with unnamed union officials. If the authority of the union had been properly invoked by a specific demand on the part of plaintiff and it had refused to proceed, the situation might have been different. In *O'Neill v. Public Law Board No. 550* (7th Cir. 1978), 581 F.2d 692, it was held that a union's duty to represent employees extended to an employee who had been dismissed and was asserted no longer to be a union member on account of nonpayment of dues for nearly two years. As a former secretary of the local, plaintiff is charged with knowledge of procedures, both under the grievance procedures of the contract and the internal mechanics of the matter within the union. The counteraffidavit is totally inadequate to create a factual question as to any misconduct on the part of the union.

In summary to this point, we find that plaintiff was subject to the terms of the collective bargaining contract and that by failing to exhaust the grievance procedures under that agreement he cannot sustain a lawsuit directly against his employer.

Plaintiff's next contention is that even assuming that he failed to exhaust his administrative remedy, defendant has waived the point by failing to allege it until more than three years had passed from the time of the filing of plaintiff's complaint. As has been said, the complaint was filed October 5, 1976; in September 1979 defendant was granted leave to withdraw its answer and substitute a motion to dismiss; in October 1979 as an addendum to its brief in support of the motion defendant raised the grievance procedure under the contract, and upon denial of the motion, alleged it as an affirmative defense in its amended answer. In the addendum to the brief defendant alleged that the grievance procedure was newly discovered matter. It is difficult to see how it could be newly discovered when it had existed in the bargaining contracts at least as early as November 1970.

■ Nevertheless, the whole question, whether it be *laches,* waiver, or estoppel, or a combination of the three, has been raised for the first time on appeal. Contentions not raised in the trial court are waived on appeal and this rule applies in summary judgment cases. *Witek v. Leisure Technology Midwest, Inc.* (1976), 39 Ill. App. 3d 637, 350 N.E.2d 242.

For the foregoing reasons, the order of the circuit court of McLean County is affirmed.

Affirmed.

MILLS and TRAPP, JJ., concur.