JUSTICE BARRY, dissenting: I most respectfully dissent from my colleagues’ reasoning in affirming the grant of summary judgment against the plaintiff in this case, and from the cursory treatment of the very important issue before us. My views on the question of whether a cause of action in tort for retaliatory discharge can coexist with the contractual remedies available to the employee covered by a collective bargaining agreement were set forth in my dissent in Cook v. Caterpillar (1980), 85 Ill. App. 3d 402, 407 N.E.2d 95, appeal denied (1980), 81 Ill. 2d 601. The anomaly of the majority’s attempt to distinguish Kelsay v. Motorola, Inc. (1978), 74 Ill. 2d 172, 384 N.E.2d 353, from the facts of Cook and the present case on grounds that the employee in Kelsay was an employee at will, rather than one covered by a union contract, was cogently expressed in Wyatt v. Jewel Cos. (1982), 108 Ill. App. 3d 840, 439 N.E.2d 1053. In Wyatt, as here, the discharged employee was covered by a collective bargaining agreement and proceeded to sue her employer in tort rather than pursuing the grievance procedures as set forth in her union’s contract. On motion of the defendant employer, the trial court dismissed Wyatt’s complaint under section 48 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48). The appellate court reversed. Specifically rejecting the majority opinion of Cook, the court reasoned as follows: “While the employee in Kelsay happened to be an employee at will, the court did not limit its holding to such employees. Indeed, such a limitation would lead to absurd results. An employer who, after the date of Kelsay, discharged an employee not protected by a union contract for filing a compensation claim could be held liable for punitive damages. Yet such damages would not be available against an employer who similarly discharged an employee protected by a union contract even though such a contract is supposed to protect against discharges not for just cause.” 108 Ill. App. 3d 840, 841-42, 434 N.E.2d 1053,1054. More recently, in Midgett v. Sackett-Chicago, Inc. (1983), 118 Ill. App. 3d 7, in a situation factually analogous to Wyatt and the case at bar, the First District Appellate Court once again denounced the Cook majority holding and reversed a dismissal of plaintiff’s retaliatory discharge cause of action. In addition to reasoning that Cook was antagonistic to Kelsay, the court in Midgett acknowledged that Cook cannot be reconciled with the supreme court’s rationale in Palmateer v. International Harvester Co. (1981), 85 Ill. 2d 124, 421 N.E.2d 876. The Midgett court’s discussion of public policy considerations underlying Kelsay, the Cook dissent and Palmateer merits repeating here: “Further, we cannot agree with the result reached by the court in Cook because we believe it was inconsistent with the decision of our supreme court in Palmateer v. International Harvester Co. (1981), 85 Ill. 2d 124, 421 N.E.2d 876, which expanded the availability of a cause of action in tort for retaliatory discharge where strong public policies are involved. In Palmateer, an employee at will filed a claim for retaliatory discharge after he supplied law enforcement officials with information that an International Harvester employee might be violating the law. The trial court dismissed the complaint for failure to state a cause of action and the appellate court affirmed in a divided opinion. Our supreme court granted leave to appeal to ‘determine the contours of the tort of retaliatory discharge approved in Kelsay v. Motorola, Inc. (1978), 74 Ill. 2d 172.’ (85 Ill. 2d 124, 127.) The court held that public policy favored Palmateer’s action in reporting illegal activities, and that to state a cause of action for retaliatory discharge ‘[a]ll that is required is that the employer discharge the employee in retaliation for the employee’s activities, and that the discharge be in contravention of a clearly mandated public policy.’ (85 Ill. 2d 124, 134.) Thus, the court reversed the decisions of the appellate court and the trial court, and held that Palmateer had stated a cause of action in tort for retaliatory discharge.” 118 Ill. App. 3d 7,10. The Midgett court held that inasmuch as plaintiff had alleged that his employer had fired him for filing his worker’s compensation claim and that, if true, his employer had acted contrary to public policy {Kelsay), then, under the rule of Palmateer, Midgett had stated a cause of action in tort. The public policy arguments in favor of permitting plaintiff Ward to proceed in court with a common law action in the present case have been adequately set forth in Kelsay, Cook v. Caterpillar Tractor Co. (1980), 85 Ill. App. 3d 402, 407 (Barry, J., dissenting), Wyatt, Midgett, Palmateer v. International Harvester Co. (1980), 85 Ill. App. 3d 50, 53, 406 N.E.2d 595 (Barry, J., dissenting), and the supreme court’s opinion in Palmateer. Most particularly, the supreme court, in concluding that the common law tort remedy was not preempted by the statutory provision in the Workers’ Compensation Act which makes retaliatory discharge a petty offense (Ill. Rev. Stat. 1981, ch. 48, par. 138.26), observed as follows: “The imposition on the employer of the small additional obligation to pay a wrongfully discharged employee compensation would do little to discourage the practice of retaliatory discharge, which mocks the public policy of this State as announced in the Workmen’s Compensation Act. In the absence of other effective means of deterrence, punitive damages must be permitted to prevent the discharging of employees for filing workmen’s compensation claims.” Kelsay v. Motorola, Inc. (1978), 74 Ill. 2d 172, 187, 384 N.E.2d 353, 359. The foregoing decisions have been compared and criticized by jurists and commentators alike (see Petrik v. Monarch Printing Corp. (1982), 111 Ill. App. 3d 502, 444 N.E.2d 588; Suddreth v. Caterpillar Tractor Co. (1983), 114 Ill. App. 3d 396, 449 N.E.2d 203; Lamb v. Briggs Manufacturing (7th Cir. 1983), 700 F.2d 1092; Deatrick v. Funk Seeds International (1982), 109 Ill. App. 3d 998, 441 N.E.2d 669; and Platt, Toward a Proper View of the Retaliatory Discharge Tort, 72 Ill. B.J. 20 (1983)). To this extensive body of authority I have little to add today. The passage of time since Cook has not diminished my conviction that “[t]o compel an employee to exhaust all of the grievance procedures provided by a collective bargaining agreement when those procedures cannot possibly afford him a [tort] remedy is to subject the employee to engage in a truly futile act.” (Cook v. Caterpillar Tractor Co. (1980), 85 Ill. App. 3d 402, 408, 407 N.E.2d 100 (Barry, J., dissenting).) In my opinion, the strong public policy of Illinois condemning retaliatory discharge in response to an employee’s pursuit of a worker’s compensation claim mandates that the employee’s right to sue in tort not be defeated or diluted in any way by virtue of an employee’s right to pursue contractual redress under his/her union’s collective bargaining agreement. There is no reason at law why those rights should not coexist. Certainly at this juncture we need not fear double recoveries. There is no indication that the plaintiff in this case attempted to pursue any contractual remedies. In any event, principles of offset and remittitur would apply to the extent necessary to avoid double recoveries whenever an employee successfully pursues both avenues of redress. Finally, there is no issue of res judicata in this case. Despite the language of the Cook majority, it is, indeed, questionable whether res judicata could debar a tort cause of action after an employee has finally exhausted the full extent of collective bargaining grievance procedures. (See Platt, Towards a Proper View of the Retaliatory Discharge Tort, 72 Ill. B.J. 20 (1983).) In sum, I would reverse the trial court’s judgment for the defendant and remand this cause to give the plaintiff an opportunity to litigate his claim for damages in tort.