DENNIS D. MOUSER, Plaintiff-Appellee, *v.* GRANITE CITY STEEL DIVISION OF NATIONAL STEEL CORPORATION, Defendant-Appellant.

Fifth District   No. 5—83—0319

Opinion filed February 9, 1984.

Eric Robertson, of Lueders, Robertson & Konzen, of Granite City, and

Charles R. Volk, C. James Zeszutek, and Kurt A. Miller, all of Thorp, Reed & Armstrong, of Pittsburgh, Pennsylvania, for appellant.

Harold G. Belsheim, of Fairview Heights, for appellee.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

Plaintiff Dennis Mouser brought this action in the circuit court of Madison County to recover in tort for damages resulting from his discharge by defendant Granite City Steel (Granite City), allegedly for his exercise of his rights under the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.1 *et seq.*). The defendant moved for summary judgment, and, when this motion was denied, it requested certification by the trial court of a question of law for our determination under Supreme Court Rule 308. (87 Ill. 2d R. 308.) The question certified by the trial court was whether the plaintiff could maintain an action for wrongful discharge after he had entered into voluntary labor arbitration in which he raised the issue of wrongful discharge, and in which the arbitrator found that the plaintiff's employment had been terminated by the defendant for just cause. We granted defendant's application for leave to appeal, and we reverse the trial court's denial of the motion for summary judgment, because an employee who is covered by a collective bargaining agreement prohibiting termination without just cause may not maintain a tort action against his employer for retaliatory discharge.

In 1978, the plaintiff was injured in the course of his employment at the defendant's waste water treatment plant. He filed an application for adjustment of his claim with the Illinois Industrial Commission, also that year. On June 11, 1979, the plaintiff received written notice from the defendant that he was being placed on a five-day suspension for allegedly missing work without proper excuse. He was discharged by the defendant the following week, for the same reason.

At the time of his employment at Granite City, the plaintiff was a member in good standing of Local No. 50 of the International Chemical Workers Union. The collective bargaining agreement between the union and Granite City established an arbitration procedure in which an arbitrator was empowered to decide whether an employee was discharged without "proper cause." If an arbitrator determined that an employee was so discharged, then Granite City would be required to reinstate him with back pay and benefits.

Pursuant to this agreement, the plaintiff filed a grievance against the defendant on June 18, 1979. He alleged that his employment was

terminated because he had pursued his remedies under the Workers' Compensation Act. The defendant denied this grievance, and it was then submitted to arbitration. After hearing evidence, the arbitrator issued a lengthy order in which he found the plaintiff's discharge to have been for just cause, namely, excessive absenteeism. The plaintiff's union brought suit in the Federal District Court for the Southern District of Illinois, seeking to vacate the arbitrator's award. One of the issues raised before the court was that the decision of the arbitrator contravened Illinois law by ratifying actions by the defendant which were intended to discourage the plaintiff from seeking workers' compensation benefits. The district court confirmed the award and stated that although the arbitrator did not specifically find that the plaintiff was not discharged for filing a workers' compensation claim, such a finding was implicit in his conclusion that the plaintiff's employment was terminated for just cause. No appeal was taken from the decision of the district court.

Before this court, the defendant presents two arguments against the plaintiff's action, which the plaintiff has characterized as sounding in tort. First, it contends that the tort remedy for retaliatory discharge does not extend to a worker protected by a collective bargaining agreement. Second, it asserts that the Federal policy in favor of the finality of labor arbitration awards precludes the plaintiff from now raising questions pertaining to his allegedly wrongful discharge after those issues have been resolved adversely to him in arbitration proceedings.

The so-called "tort of retaliatory discharge" in Illinois is not statutory. It was created by our supreme court in *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353. The plaintiff in *Kelsay* was an employee at will. The court explained that an employer's otherwise absolute power to terminate such an employee could not be used to prevent that employee from seeking workers' compensation benefits. In order to deter the employer from taking that action, the court granted employees so discharged after the date of the *Kelsay* opinion the right to sue for compensatory and punitive damages to redress their wrongful discharge. The court did not expressly include in the class of protected employees those covered by a collective bargaining agreement, nor did it expressly exclude those employees from that class.

The Third District of this court subsequently decided that the tort of wrongful discharge does not apply to employees protected by a collective bargaining agreement. In *Cook v. Caterpillar Tractor Co.* (1980), 85 Ill. App. 3d 402, 407 N.E.2d 95, the plaintiff was dis-

charged from work for certain absences. He filed a grievance, which was submitted to arbitration. This grievance did not contain allegations that the plaintiff's employment had been terminated for his pursuit of workers' compensation benefits. The arbitrator decided that the plaintiff had been discharged with just cause. The plaintiff then brought suit, in tort and contract, to recover damages for his allegedly wrongful discharge.

The court held that the contract action was barred because of the plaintiff's failure to exhaust his remedies under the collective bargaining agreement by raising the retaliatory discharge issue in arbitration. It also refused to expand the holding of *Kelsay* to grant a tort remedy to an employee covered by such a bargaining agreement. The court explained that the grievance procedures available to an employee protected by a collective bargaining agreement prevent the employer from terminating a worker's employment without just cause. That situation, it reasoned, is considerably different from that of the unprotected at-will employee who must choose between seeking workers' compensation benefits and retaining his job. The policy considerations which prompted the *Kelsay* decision were therefore not present in *Cook*. Also, the *Cook* court noted that to permit an employee covered by a collective bargaining agreement to sue in tort for retaliatory discharge would undermine the grievance procedures established in that agreement. The holding of *Cook* was adopted without further discussion by the Fourth District of this court in *Deatrick v. Funk Seeds International* (1982), 109 Ill. App. 3d 998, 441 N.E.2d 669.

The First District disagreed with *Cook* in *Wyatt v. Jewel Cos.* (1982), 108 Ill. App. 3d 840, 439 N.E.2d 1053, and held that an employee hired under a labor union contract could recover in tort for being discharged in retaliation for seeking workers' compensation. The primary reason for this result, according to the court, was that there would be an inconsistency in allowing at-will employees to recover punitive damages for their wrongful discharge while denying that remedy to employees hired under a union contract. Another division of the First District followed *Wyatt* in *Midgett v. Sackett-Chicago, Inc.* (1983), 118 Ill. App. 3d 7, 454 N.E.2d 1092.

Other tribunals have also resolved the issue common to *Cook* and *Wyatt*. In *Lamb v. Briggs Manufacturing* (7th Cir. 1983), 700 F.2d 1092, the United States Court of Appeals for the Seventh Circuit, after a thoughtful review of the competing policies advanced in *Cook* and *Wyatt*, concluded that if faced with the issue, the Illinois Supreme Court would not extend the tort of retaliatory discharge to union em-

ployees, especially given that court's guarded reasoning in *Kelsay*. Recently, the Second District of this court also accepted the holding of *Cook* in *Suddreth v. Caterpillar Tractor Co.* (1983), 114 Ill. App. 3d 396, 449 N.E.2d 203.

Having before us the decisions of the other four districts of this court and the Federal courts in Illinois, we believe that *Cook* and those decisions which follow it are more in accord with the opinion of the supreme court in *Kelsay*. For the reasons stated in *Cook, Lamb* and *Suddreth*, we therefore adopt what appears to be the "majority rule" in Illinois on this issue and hold that an employee covered by a collective bargaining agreement preventing termination of employment without just cause may not sue his employer in tort to recover damages for his discharge in retaliation for seeking workers' compensation benefits. Our acceptance of this rule requires us to grant the defendant's motion for summary judgment.

Parenthetically, we observe that even under cases such as *Wyatt*, the plaintiff cannot maintain his action against the defendant, because the plaintiff's unsuccessful arbitration proceedings have conclusively determined that he was not discharged for asserting his rights under the Workers' Compensation Act. See *Wyatt v. Jewel Cos.* (1982), 108 Ill. App. 3d 840, 842, 439 N.E.2d 1053, 1054; *Bryce v. Johnson & Johnson* (1983), 115 Ill. App. 3d 913, 924, 450 N.E.2d 1235, 1242.

Accordingly, we reverse the order of the circuit court of Madison County denying defendant's motion for summary judgment, and pursuant to our authority under Supreme Court Rule 366(a)(5) (87 Ill. 2d R. 366(a)(5)), we grant that motion.

Reversed.

KARNS and KASSERMAN, JJ., concur.