VANNIE WYATT, Plaintiff-Appellant, *v.* JEWEL COMPANIES, INC., Defendant-Appellee.

First District (4th Division) No. 81—2324

Opinion filed August 26, 1982.

Kathleen B. Boyle and James Lewis Kaplan, both of Chicago, for appellant.

Eugene F. Keefe, Thomas D. Nyhan, and Ellis A. Ballard, all of Chicago (Pope, Ballard, Shepard & Fowle, Ltd., of counsel), for appellee.

JUSTICE ROMITI delivered the opinion of the court:

The sole issue in this case is whether an employee who is employed under a labor union contract can sue in tort for retaliatory discharge if she is discharged for filing a workman's compensation claim. The trial court granted defendant's motion to dismiss the complaint on the ground the employee was limited to the grievance procedure provided by the union contract for an employee discharged other than for just cause.

In 1975, the Illinois legislature made it unlawful for any employer to discriminate or to threaten to discriminate in any way because of the exercise of rights granted by section 4 of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.4(h)). Violation of the statute subjects the employer to criminal prosecution. In December 1978, the Illinois Supreme Court in *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353, held that the retaliatory discharge of an employee at will for pursuing her rights under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*) gave rise to an action in tort separate from any action for breach of contract. The supreme court further held that as to discharges after December

1978 punitive damages could be awarded.

Vannie Wyatt was an employee of Jewel Companies under a collective bargaining agreement to which she was a party pursuant to her union membership. In 1977 she was injured in the course of her employment and filed a compensation claim. Allegedly, when she attempted to return to work, after a period of disability, she was discharged for filing the workmen's compensation claim. (It is unclear whether the discharge was before or after December 1978.) Defendant relying on *Cook v. Caterpillar Tractor Co.* (1980), 85 Ill. App. 3d 402, 407 N.E.2d 95, *appeal denied* (1980), 81 Ill. 2d 601, successfully moved to dismiss the complaint pursuant to section 48 of the Civil Practice Act, alleging plaintiff failed to pursue her remedies under the collective bargaining agreement. The third district in *Cook* held that where an employee employed under a labor union contract is discharged for filing a claim under the Workmen's Compensation Act, he or she is limited to a claim for breach of contract, and, before any suit can be filed, the employee must exhaust all available remedies including the stipulated grievance procedure. The employee in *Cook* had in fact filed a grievance proceeding but had failed during that proceeding to raise the issue of retaliatory discharge.

It is true that under the union contract the plaintiff might have a claim in contract if she was discharged without just cause, assuming she was not a probationary employee. And where an employee files a suit for breach of a union contract, the employer may be able to raise, as an affirmative defense, the employee's failure to attempt to pursue the grievance procedures set forth in that same union contract. (See *Milton v. Illinois Bell Telephone Co.* (1981), 101 Ill. App. 3d 75, 427 N.E.2d 829.) However, we cannot agree with *Cook* that plaintiff's remedy here is limited to the claim for breach of contract and that, therefore, plaintiff must exhaust the available contractual remedies. To the contrary, the Illinois Supreme Court in *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353, established that an employee discharged for filing a claim under the Workmen's Compensation Act has a claim in tort for damages. Plaintiff therefore was entitled to elect to sue in tort as she did.

In *Kelsay* the Illinois Supreme Court held that in light of the strong public policy involved, an employee discharged for filing a compensation claim has an action in tort for retaliatory discharge and can recover not only compensatory but (if the discharge occurs after the date of the *Kelsay* opinion) punitive damages. While the employee in *Kelsay* happened to be an employee at will, the court did not limit its holding to such employees. Indeed, such a limitation would lead to ab-

surd results. An employer who, after the date of *Kelsay*, discharged an employee not protected by a union contract for filing a compensation claim could be held liable for punitive damages. Yet such damages would not be available against an employer who similarly discharged an employee protected by a union contract even though such a contract is supposed to protect against discharges not for just cause.

Our holding that the existence of a possible remedy in contract does not bar an employee discharged for filing a compensation claim from seeking damages in tort in light of the strong public policy involved is supported by such cases as *Lally v. Copygraphics* (1981), 85 N.J. 668, 428 A.2d 1317, *Brown v. Transcon Lines* (1978), 284 Or. 597, 588 P.2d 1087, and *Raden v. City of Azusa* (1978), 97 Cal. App. 3d 336, 158 Cal. Rptr. 689. Each of these cases held that the fact that the statute provided a remedy for such retaliatory discharge did not bar the employee from pursuing his or her civil remedy since the statutory remedy was not exclusive. It seems even clearer that this court cannot say that the general remedy as provided in the union contract not specifically aimed at retaliatory discharges for filing compensation claims is exclusive under these particular circumstances.

Defendant relies in part on the fact that the Illinois Supreme Court denied leave to appeal in *Cook*. Such denial, however, is not an affirmance. Indeed, we note that since the employee in *Cook* had filed an unsuccessful grievance proceeding, he was for that reason barred from recovering in tort. *Carnation Co. v. Borner* (Tex. 1980), 610 S.W.2d 450.

Accordingly the judgment of the trial court is reversed and the case remanded for further proceedings.

Reversed and remanded.

JIGANTI and LINN, JJ., concur.