JAMES V. SUDDRETH, Plaintiff-Appellant, v. CATERPILLAR TRACTOR CO., Defendant-Appellee.

Second District   No. 82—583

Opinion filed May 5, 1983.

Jay R. Giusti, of Gary B. Friedman, Ltd., of Chicago, for appellant.

Keith C. Hult and Gerald D. Skoning, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, and Theodore R. Johnson, of Caterpillar Tractor Co., of Peoria, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

James V. Suddreth filed a two-count complaint in the circuit court of Kane County wherein he sought compensatory and punitive damages based upon his allegedly retaliatory discharge for the filing of a workers' compensation claim. The trial court dismissed the complaint in view of the fact that Suddreth had failed to exhaust the remedies available to him under his collective bargaining agreement. He appeals from the dismissal of his complaint.

The complaint alleged that on October 3, 1978, the plaintiff, an employee of defendant, Caterpillar Tractor Co., sustained an injury to his back during the course of his employment. In consequence of this injury, the plaintiff was unable to perform his duties for several weeks. On October 13, 1978, the plaintiff filed a claim for workers' compensation. The complaint alleged that, as a direct result of the filing of his claim, plaintiff's employment with defendant was terminated on November 10, 1978. Accordingly, the plaintiff sought $30,000 in compensatory damages and $500,000 in punitive damages. The complaint was originally filed in Cook County and thereafter, pursuant to defendant's motion, the case was transferred to Kane County.

Following the transfer of venue, Caterpillar filed a motion to dismiss wherein it alleged that, at the time of the plaintiff's discharge, both parties were bound by a collective bargaining agreement entered into by Caterpillar and the plaintiff's union. The agreement provided that an employee could only be discharged for just cause and any disputes concerning discharge would be resolved according to an established grievance procedure. Pursuant to this procedure, plaintiff filed a grievance concerning his discharge which was ultimately settled when plaintiff was reinstated on January 22, 1980. Accordingly, defendant asserted that the subject action was barred under the authority of *Cook v. Caterpillar Tractor Co.* (1980), 85 Ill. App. 3d 402, which held that an employee must exhaust his remedies under a collective bargaining agreement prior to filing suit for retaliatory discharge.

The motion further alleged that, on October 4, 1979, the parties entered into a settlement agreement which discharged defendant "of and from any and all liability under the workers' compensation act." This settlement agreement apparently included monies awarded to plaintiff by the Illinois Industrial Commission in connection with the original claim for workers' compensation. Defendant asserted that the settlement agreement, by its terms, defeated plaintiff's claim.

The trial court dismissed Suddreth's complaint with prejudice on

the basis of the decision in *Cook v. Caterpillar Tractor Co.* (1980), 85 Ill. App. 3d 402. This appeal followed.

Two issues are raised: (1) whether an employee who is protected by the grievance procedures of a collective bargaining agreement may sue in tort for retaliatory discharge if he is discharged for filing a workers' compensation claim and (2) whether Federal law preempts the instant action.

In *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, our supreme court established a cause of action for retaliatory discharge on behalf of employees, otherwise terminable at will, who are discharged for filing claims under the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*). The court reasoned:

"[T]he legislature enacted the workmen's compensation law as a comprehensive scheme to provide for efficient and expeditious remedies for injured employees. This scheme would be seriously undermined if employers were permitted to abuse their power to terminate by threatening to discharge employees for seeking compensation under the Act. We cannot ignore the fact that when faced with such a dilemma many employees, whose common law rights have been supplanted by the Act, would choose to retain their jobs, and thus, in effect, would be left without a remedy either common law or statutory. This result, which effectively relieves the employer of the responsibility expressly placed upon him by the legislature, is untenable and is contrary to the public policy as expressed in the Workmen's Compensation Act." (74 Ill. 2d 172, 181-82.)

Accordingly, the court concluded that an employer who fires an employee, otherwise terminable at will, for the filing of a workers' compensation claim would be liable for both compensatory and punitive damages.

On appeal, plaintiff asserts that the cause of action enunciated in *Kelsay* should be available here, notwithstanding the fact that the plaintiff was protected by a collective bargaining agreement which prohibited the defendant from discharging employees without "just cause" and which provided a grievance and arbitration procedure for all discharged employees. This contention was expressly rejected in *Cook v. Caterpillar Tractor Co.* (1980), 85 Ill. App. 3d 402.

In *Cook*, the plaintiff was discharged after having filed a claim for workers' compensation. Pursuant to a collective bargaining agreement apparently identical to the one in the case at bar, the plaintiff filed a grievance which was later submitted to arbitration. The grievance did not contain an allegation regarding retaliatory discharge and it ap-

pears that the plaintiff similarly did not make this allegation at the arbitration hearing. Subsequent to the hearing, the labor arbitrator rendered a decision that plaintiff had been discharged for just cause. Plaintiff then filed suit alleging retaliatory discharge. There, as here, the complaint was dismissed. On appeal, the appellate court concluded that retaliatory discharge is subsumed within the just cause provision of the collective bargaining agreement and is within the power of the arbitrator to consider when determining if a discharge was for just cause. Therefore, the plaintiff failed to exhaust his administrative remedies under the contract by raising the issue of retaliatory discharge at the arbitration hearing. The court also determined that the *Kelsay* doctrine would only apply to an employee who is terminable at will, since that employee would have no recourse against his employer if he were discharged for filing a workers' compensation claim. In such a case, the necessity of choosing between continued employment and the filing of a claim would undermine the Workers' Compensation Act. But where, as here, an employee is protected by a collective bargaining agreement which permits discharge only for just cause and allows for arbitration to guarantee the parties' rights, the policy considerations in *Kelsay* are not present. An employee protected by such an agreement would be free to apply for workers' compensation without the concern that he would have to sacrifice his job to gain those benefits. On the basis of *Cook*, the action here would be barred.

The holding and rationale of *Cook* has been adopted without further discussion in *Deatrick v. Funk Seeds International* (1982), 109 Ill. App. 3d 998. However, in *Wyatt v. Jewel Companies, Inc.* (1982), 108 Ill. App. 3d 840, the reviewing court disagreed with *Cook* and allowed a cause of action for retaliatory discharge not withstanding the existence of a collective bargaining agreement. In *Wyatt*, the court concluded that *Kelsay* established an independent action in tort for retaliatory discharge which is totally separate and distinct from any contractual remedies which an employee might have. The court reasoned that a limitation of *Kelsay* to employees who are terminable at will would lead to absurd results since employers who are not restricted by a labor agreement could be held liable for punitive damages whereas such damages would not be available against an employer restricted by a union contract. The *Wyatt* court indicated that the defense of failure to exhaust administrative remedies would only be available under a breach of contract action and not for a cause of action sounding in tort. 108 Ill. App. 3d 840, 841.

Upon weighing the relative merits of the opinions expressed in *Cook* and *Wyatt*, we are persuaded that *Cook* presents the more rea-

soned approach. (See also *Lamb v. Briggs Manufacturing* (7th Cir. 1983), 700 F.2d 1092.) The *Kelsay* decision established a cause of action for employees who would otherwise not have any recourse if they were discharged for the filing of a workers' compensation claim. In the same vein, the court provided for the assessment of punitive damages in order to impress upon employers the necessity of tempering their otherwise unfettered discretion in terminating employees where that discretion might be utilized to limit their liability under the Workers' Compensation Act. This protection is not necessary where, as here, an employee is protected by a collective bargaining agreement. In such a case, an employer does not have the unfettered right to discharge his employees and, as the *Cook* court determined, it is not unreasonable to suggest that the "just cause" provisions of a bargaining agreement protect an employee from retaliatory discharge.

Suddreth also asserts that *Cook v. Caterpillar Tractor Co.* (1980), 85 Ill. App. 3d 402, should not stand as a bar to the instant complaint since *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, had not yet been decided when he was discharged and the grievance was filed. Under *Cook*, an employee is required to raise the issue of retaliatory discharge during the course of the grievance and/or arbitration proceedings. Suddreth contends that it was impossible for him to have raised the issue since, prior to the decision in *Kelsay*, he could not possibly have known that retaliatory discharge for the filing of a compensation claim would constitute wrongful discharge.

Arguably, there is a flaw in *Cook* in view of the fact that the plaintiff there was discharged prior to the decision in *Kelsay*. That is, in part, the basis for Justice Barry's dissent in *Cook*. However, this problem does not exist in the case at bar. Here, Suddreth is correct that the discharge occurred on November 10, 1978, and the grievance was filed on November 28, 1978, whereas *Kelsay* was not decided until December 4, 1978. But, Suddreth overlooks the fact that, according to the affidavit of Keith Knott, the manager of the defendant's personnel services division, the grievance was settled with plaintiff's reinstatement as of January 22, 1980. The averment stands unrefuted by counteraffidavit. Accordingly, it is not unreasonable to suggest that the plaintiff had ample time in which to assert the question of retaliatory discharge as enunciated in *Kelsay*.

As a final note, the record establishes that on September 25, 1979, the parties entered into a settlement agreement in connection with the workmen's compensation claim. Defendant asserted this settlement as an alternative basis on which to dismiss the instant action. This assertion was not discussed nor ruled on by the trial court. We

determine that the existence of this agreement is not, in and of itself, sufficient to sustain the motion to dismiss. In his affidavit, Suddreth denied that the agreement encompassed the instant claim, and the language of the agreement itself is somewhat equivocal on this point.

Since we adhere to the decision in *Cook v. Caterpillar Tractor Co.* (1980), 85 Ill. App. 3d 402, it is not necessary to determine whether Federal law preempts the instant action.

The judgment of the circuit court of Kane County is affirmed.

Judgment affirmed.

HOPF and NASH, JJ., concur.