TERRY MIDGETT *et al.*, Plaintiffs-Appellants, *v.* SACKETT-CHICAGO, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 81—3040

Opinion filed September 21, 1983.

Nicholas T. Kitsos & Associates, of Chicago, for appellants.

Allen Allred, of Thompson & Mitchell, of St. Louis, Missouri, and Benjamin P. Hyink & Associates, of Chicago, for appellees.

JUSTICE McGILLICUDDY delivered the opinion of the court:

Plaintiffs appeal from the dismissal with prejudice of their action in tort for retaliatory discharge for failure to state a cause of action against defendants, Sackett-Chicago, Inc., and David J. Schimp *et al.* (Sackett).

On January 31, 1979, Terry Midgett (Midgett) suffered an injury in the course of his employment with Sackett. Alleging partial disability, Midgett filed a workers' compensation claim with the Illinois Industrial Commission which was eventually settled. In January 1980, while the claim was pending, Midgett was discharged by Sackett. Midgett brought an action in tort in his own name and on behalf of his wife and minor children seeking damages for retaliatory discharge.

In the course of the pretrial proceedings, Sackett filed two motions for involuntary dismissal. Sackett's accompanying affidavits alleged essentially that Midgett was a member of the Production Workers Union of Chicago and Vicinity, Local 707, during his employment with Sackett and at the time of his discharge. Union members were protected by a collective bargaining agreement containing specific grievance procedures regarding discharge other than for "cause." Sackett maintained that Midgett was bound to pursue the administrative remedies provided by the collective bargaining agreement. Sackett moved to dismiss Midgett's claim sounding in tort for failure to state a cause of action. Midgett filed cross-motions in opposition to the motions to dismiss with affidavits generally denying Sackett's assertions and alleging that because the Union and Sackett were in collusion, the Union had not allowed him to file a grievance for his discharge. The trial court granted Sackett's motion to dismiss. The court stated that since it found that Midgett was a member of a union protected by a collective bargaining agreement and not an employee at will, he had no right to bring a cause of action for retaliatory discharge. Midgett appeals.

The primary issue before this court is whether an employee who is a union member and protected by a collective bargaining agreement has a cause of action in tort for retaliatory discharge.

A recent decision of this court, *Wyatt v. Jewel Cos.* (1982), 108 Ill. App. 3d 840, 439 N.E.2d 1053, *appeal denied* (1982), 92 Ill. 2d 573, addressed this issue. As in the case at bar, the plaintiff in that case, Wyatt, was a union member who brought suit against a former employer for retaliatory discharge, following the filing of a workers' compensation claim. The suit was dismissed for failure to state a cause of action. This court reversed the decision of the trial court,

holding that a union member, such as Wyatt, was entitled to sue in tort for retaliatory discharge regardless of the existence of contractual remedies pursuant to a collective bargaining agreement. In reaching that decision this court emphasized the important public policy embodied in the Workers' Compensation Act and the need to protect the workers who invoke that policy, citing *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353.

In *Kelsay*, the Illinois Supreme Court recognized a cause of action for retaliatory discharge of an employee at will who filed a workers' compensation claim. The court held that the cause of action arose separately from any action for breach of contract. Additionally, the court held that punitive damages might be awarded for such a discharge occurring after December 1978. This decision was based upon the strong public policy favoring the protection of rights stemming from the Workers' Compensation Act. (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*). In *Wyatt v. Jewel Cos.* (1982), 108 Ill. App. 3d 840, 439 N.E.2d 1053, this court stated that to allow a cause of action for retaliatory discharge to an employee at will while denying it to a union member, would lead to an absurd result since punitive damages would be available to an employee at will, but would not be available to an employee protected by a union contract, despite the fact that union contracts are specifically designed to protect against discharge other than for cause.

We reject defendants' contention that such a determination tends to undermine the Federal labor law policy favoring the arbitration of labor disputes covered by a collective bargaining agreement, as expressed in *United Steelworkers of America v. Warrior & Gulf Navigation Co.* (1960), 363 U.S. 574, 4 L. Ed. 2d 1409, 80 S. Ct. 1347. On the contrary, the recognition of a cause of action in tort merely allows an employee an additional remedy in areas where strong public policies, as opposed to purely private interests, are involved. Such an alternative is especially necessary and desirable in a case such as this where there has been an allegation of collusion between the union and the employer. See *Deatrick v. Funk Seeds International* (1982), 109 Ill. App. 3d 998, 441 N.E.2d 669.

Defendants rely upon a third district decision, *Cook v. Caterpillar Tractor Co.* (1980), 85 Ill. App. 3d 402, 407 N.E.2d 95, where the court held that *Kelsay* was not applicable to an employee protected by a collective bargaining agreement, and that such an employee was limited to remedies provided by the union contract, and was required to exhaust such remedies. However, we first point out that plaintiff in the case at bar has alleged collusion between the union and his former

employer, effectively precluding his pursuit of administrative remedies, thus in our opinion this case is distinguishable from *Cook*. Further, we cannot agree with the result reached by the court in *Cook* because we believe it was inconsistent with the decision of our supreme court in *Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 421 N.E.2d 876, which expanded the availability of a cause of action in tort for retaliatory discharge where strong public policies are involved.

In *Palmateer*, an employee at will filed a claim for retaliatory discharge after he supplied law enforcement officials with information that an International Harvester employee might be violating the law. The trial court dismissed the complaint for failure to state a cause of action and the appellate court affirmed in a divided opinion. Our supreme court granted leave to appeal to "determine the contours of the tort of retaliatory discharge approved in *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172." (85 Ill. 2d 124, 127.) The court held that public policy favored Palmateer's action in reporting illegal activities, and that to state a cause of action for retaliatory discharge "[a]ll that is required is that the employer discharge the employee in retaliation for the employee's activities, and that the discharge be in contravention of a clearly mandated public policy." (85 Ill. 2d 124, 134.) Thus, the court reversed the decisions of the appellate court and the trial court, and held that Palmateer had stated a cause of action in tort for retaliatory discharge.

In the case at bar, Midgett has alleged that he was fired by Sackett for filing a workers' compensation claim, which, if true, contravenes a clearly mandated public policy as defined in *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353. Thus, under the rule established in *Palmateer*, we believe Midgett has stated a cause of action in tort.

Defendants assert that regardless of Midgett's rights, his wife and children have no cause of action against Sackett. We agree with this contention. Therefore, it is ordered that Midgett's wife and children are dismissed as plaintiffs in this cause.

Reversed and remanded for proceedings consistent with this opinion.

McNAMARA, P.J., and RIZZI, J., concur.