JAMES T. COLLEY, Plaintiff-Appellant, v. SWIFT & COMPANY *et al.*, Defendants-Appellees.

Second District   No. 83—928

Opinion filed December 14, 1984.

Keith E. Ekstrom and Clifford E. Lund, both of Law Offices of Harry Schaffner, of Elgin, for appellant.

Gerald M. Sheridan, Jr., of Wheaton, and Robert F. Casey, of Geneva, for appellees.

JUSTICE HOPF delivered the opinion of the court:

Plaintiff, James Colley, appeals from an order of the circuit court of Kane County dismissing his four-count complaint pursuant to sections 2—619(2) and (9) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, pars. 2—619(2) and (9)). Plaintiff's complaint alleged retaliatory discharge against defendant Swift & Company (Swift), and conspiracy against three named individual defendants, in their individual capacity and as agents of Swift. The basis of the court's dismissal was the existence of a collective bargaining agreement between defendant Swift and plaintiff's union which provided a grievance procedure for dismissal without proper cause, thereby precluding plaintiff from filing a tort action for retaliatory discharge. (See *Suddreth v. Caterpillar Tractor Co.* (1983), 114 Ill. App. 3d 396, 449 N.E.2d 203.) On appeal, plaintiff raises four arguments to support the single general contention that the collective bargaining agreement here does not preclude a separate tort action for retaliatory discharge against Swift. Additionally, plaintiff argues that the trial court erred in dismissing the conspiracy counts against the individual defendants. Defendants respond to the above arguments and also argue that plaintiff's complaint was properly dismissed because plaintiff was not discharged but was merely indefinitely suspended.

Count I of plaintiff's complaint alleged that on November 2, 1981, he sustained accidental injuries arising out of and during the course of his employment with Swift. In February 1981, he filed a workers' compensation claim as a result of these injuries, and the claim was submitted for arbitration to the Illinois Industrial Commission (IIC) in June 1982. The count further alleged that during the pendency of the claim and before a decision was rendered by the IIC, plaintiff's employment was terminated and that the termination was done in retaliation for his having filed a workers' compensation claim. Plaintiff sought to recover $15,000 in compensatory damages and $1 million in punitive damages from defendant Swift.

Counts II through IV against the individual defendants repeated the allegations of count I and further alleged, as against each of them, that each was a manager or supervisor for Swift at the time of plaintiff's alleged retaliatory discharge and that each and all conspired together and formed a deliberate design and purpose to deprive plaintiff of his employment for his filing of a workers' compensation claim against Swift. These counts also contained an allegation

that each was guilty of one or more overt acts in furtherance of this design and purpose, including the denial of sickness and disability benefits, the fabrication of grounds for firing the plaintiff, the direction of others to testify regarding plaintiff, the denial of union benefits and contractual defenses under the union contract, and the direction of others to refuse to pay workers' compensation benefits to plaintiff. Plaintiff again requested compensatory and punitive damages.

Defendants moved to dismiss plaintiff's complaint pursuant to sections 2—619(2) and 2—619(9) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, pars. 2—619(2) and (9)), alleging as grounds that a collective bargaining agreement was in effect between plaintiff's union and Swift which provided that a union employee could only be discharged for "proper cause"; that the collective bargaining agreement provided for a grievance procedure to resolve the dispute over the employee's alleged wrongful discharge; that in fact plaintiff had filed a grievance protesting his suspension and that the grievance was unresolved and subject to binding arbitration procedures. The motion also alleged that plaintiff was not in fact discharged but was merely suspended indefinitely pending an investigation and final decision of the grievance. Attached to defendants' motion was the sworn affidavit of defendant McElhattan, the plant manager of Swift, attesting to the facts alleged in the motion and also stating that plaintiff was suspended for unauthorized entry to the plant and taking photographs of Swift equipment. In addition, the "Adjustment of Grievances" portion of the collective bargaining agreement and the union's statement of grievance were also attached to the motion. Plaintiff filed a brief in opposition to defendants' motion to dismiss, along with a sworn affidavit realleging the facts in the complaint and further stating that after his suspension plaintiff filed a claim for unemployment insurance with the State of Illinois and that at the hearing on the claim defendant Lillian, the personnel manager of Swift, testified that plaintiff's employment had been terminated and he was discharged. According to plaintiff's affidavit, the referee's decision in the unemployment claim included a finding that plaintiff had been discharged; defendant Swift did not appeal this ruling. Additionally, the affidavit stated that the IIC found that plaintiff was entitled to either workers' compensation benefits or group insurance benefits, and that plaintiff made no unauthorized entry to the plant and violated no Swift policy. Attached to plaintiff's affidavit was the referee's decision in the unemployment claim, finding that plaintiff violated no company policy and was "discharged for reasons other

than misconduct connected with the work." The decision of the arbitrator in the workers' compensation claim and a copy of the general rules and policies of Swift were also attached to plaintiff's affidavit.

After reviewing the affidavits and hearing the arguments of counsel, the court denied defendants' motion to dismiss, electing to follow the First District case of *Wyatt v. Jewel Cos.* (1982), 108 Ill. App. 3d 840, 439 N.E.2d 1053, which held that the existence of a collective bargaining agreement does not bar an action for retaliatory discharge. The court further found that the record thus far indicated a question of fact sufficient to survive a motion to dismiss. Defendants then filed a motion to reconsider or, alternatively, to stay proceedings, alleging as grounds that this court was presently considering a case which would be dispositive in the instant action. The motion cited *Suddreth v. Caterpillar Tractor Co.* (1983), 114 Ill. App. 3d 396, 449 N.E.2d 203, as the pending appellate court case. Plaintiff subsequently moved for and was granted leave to add his union and certain other named individuals as party defendants in the retaliatory discharge action, alleging that they improperly and without authority attempted to settle plaintiff's grievance against Swift.

Prior to the hearing on defendant's motion to reconsider, this court filed its opinion in *Suddreth v. Caterpillar Tractor Co.* (1983), 114 Ill. App. 3d 396, 449 N.E.2d 203, and held contrary to the decision in *Wyatt v. Jewel Cos.* (1982), 108 Ill. App. 3d 840, 439 N.E.2d 1053. We instead adopted the reasoning in *Cook v. Caterpillar Tractor Co.* (1980), 85 Ill. App. 3d 402, 406, 407 N.E.2d 95, in which it was held that an employee who is protected by a collective bargaining agreement must exhaust all the remedies available to him before filing a civil suit against his employer for retaliatory discharge. (*Suddreth v. Caterpillar Tractor Co.* (1983), 114 Ill. App. 3d 396, 399-401, 449 N.E.2d 203.) On the basis of our decision in *Suddreth*, the circuit court granted defendants' motion to dismiss.

Following the court's ruling, plaintiff orally requested leave to file an amended complaint to show that he had exhausted all administrative remedies; however, no ruling on the motion was ever obtained and no amended complaint appears in the record. We also note that plaintiff's union and certain other named individuals were not in fact added as party defendants. Plaintiff's notice of appeal was timely filed.

A cause of action for retaliatory discharge was first recognized by the Illinois Supreme Court in *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353. The cause of action was designed to limit an employer's otherwise absolute power to terminate an at-will employee

where the circumstances indicate that the right was exercised to prevent the employee from asserting his statutory rights under the Workers' Compensation Act. (74 Ill. 2d 172, 181, 384 N.E.2d 353.) In recognizing the cause of action, the court reasoned that in the absence of a recovery in tort an employee terminable at will has no recourse against his employer if the employer should decide to discharge the employee for filing a workers' compensation claim. Under these circumstances, the employee would be forced to choose between continued employment and the workers' compensation legally due him. 74 Ill. 2d 172, 182, 384 N.E.2d 353.

Appellate court decisions since *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353, have been divided on the question whether the tort of retaliatory discharge should be extended to cover employees who are not terminable at will but who are covered by a collective bargaining agreement providing for termination only for "just cause." The second, third, fourth, and fifth districts refused to extend the cause of action to employees covered by such a collective bargaining agreement, reasoning that the concept of retaliatory discharge was "subsumed within the just-cause provision and is within the power of the arbitrator to consider when determining if a discharge is for just cause." (*Cook v. Caterpillar Tractor Co.* (1980), 85 Ill. App. 3d 402, 405-06, 407 N.E.2d 95; see also *Mouser v. Granite City Steel Division of National Steel Corp.* (1984), 121 Ill. App. 3d 834, 460 N.E.2d 115; *Suddreth v. Caterpillar Tractor Co.* (1983), 114 Ill. App. 3d 396, 449 N.E.2d 203; *Basak v. Asplundh Tree Expert Co.* (1983), 122 Ill. App. 3d 240, 460 N.E.2d 1197; *Ward v. Howard P. Foley Co.* (1983), 119 Ill. App. 3d 894, 457 N.E.2d 155; *Deatrick v. Funk Seeds International* (1982), 109 Ill. App. 3d 998, 441 N.E.2d 669.) Under these circumstances, the policy considerations in *Kelsay* were deemed not to be present because the employee was protected from retaliatory discharge by the collective bargaining agreement which allowed for arbitration to guarantee the parties' rights. Further, the court in *Cook* opined that the collective bargaining agreement would be undermined if the employee were permitted to circumvent grievance procedures mutually agreed upon by filing suit. *Cook v. Caterpillar Tractor Co.* (1980), 85 Ill. App. 3d 402, 406, 407 N.E.2d 95.

Contrary to this position was the first district's opinions in *Wyatt v. Jewel Cos.* (1982), 108 Ill. App. 3d 840, 439 N.E.2d 1053, and *Midgett v. Sackett-Chicago, Inc.* (1983), 118 Ill. App. 3d 7, 454 N.E.2d 1092, holding that the existence of a contractual remedy pursuant to a collective bargaining agreement does not bar plaintiff from also pursuing a remedy in tort for retaliatory discharge. In *Wyatt*, the court

discussed *Kelsay's* allowance of punitive damages where an employer, after the date of *Kelsay*, discharges an employee for filing a workers' compensation claim. After noting that the *Kelsay* opinion did not expressly limit its decision to at-will employees, the *Wyatt* court reasoned that punitive damages should also be available against an employer who similarly discharges an employee protected by a union contract, even though such a contract is supposed to protect against discharges which were not for just cause. (*Wyatt v. Jewel Cos.* (1982), 108 Ill. App. 3d 840, 842, 439 N.E.2d 1053.) The court in *Midgett* adopted the reasoning of *Wyatt* and expressly rejected the contention that the availability of a tort action would undermine Federal labor law policy favoring the arbitration of labor disputes covered by a collective bargaining agreement. (*Midgett v. Sackett-Chicago, Inc.* (1983), 118 Ill. App. 3d 7, 9, 454 N.E.2d 1092.) Rather, the court stated that the recognition of a cause of action in tort would merely allow an employee an additional remedy in areas where strong public policies, as opposed to purely private interests, are involved. 118 Ill. App. 3d 7, 9, 454 N.E.2d 1092.

Recently, the Illinois Supreme Court reviewed the first district's decision in *Midgett v. Sackett-Chicago, Inc.* (1983), 118 Ill. App. 3d 7, 454 N.E.2d 1092, and agreed with its conclusion that the victim of a retaliatory discharge has an action in tort, independent of any contract remedy the employee may have based on the collective bargaining agreement. (*Midgett v. Sackett-Chicago, Inc.* (1984), 105 Ill. 2d 143, 149-50.) In discussing *Kelsay*, the court noted that an essential factor in providing the action for retaliatory discharge was a recognition of the importance of permitting punitive damages to dissuade an employer from engaging in the practice of discharging an employee for filing a workers' compensation claim. (105 Ill. 2d 143, 149-50; *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 186-87, 384 N.E.2d 353.) The court concluded that it would be unreasonable to immunize from punitive damages an employer who unjustly discharges a union employee, while allowing the imposition of punitive damages against an employer who unfairly terminates a nonunion employee, since "[t]he public policy against retaliatory discharges applies with equal force in both situations." *Midgett v. Sackett-Chicago, Inc.* (1984), 105 Ill. 2d 143, 149-50.

In view of our supreme court's holding in *Midgett v. Sackett-Chicago, Inc.* (1984), 105 Ill. 2d 143, we are compelled to reverse this cause and remand it to the circuit court for further proceedings. All counts of plaintiff's complaint were dismissed for failing to exhaust his contractual remedies. However, the supreme court in *Midgett* ex-

pressly stated that a "plaintiff, however, need not plead the exhaustion of contract remedies to bring an action in tort." (105 Ill. 2d 143, 152.) With respect to the tort of retaliatory discharge, plaintiff must only allege a retaliatory discharge and that the discharge violated a clear public policy. (105 Ill. 2d 143, 152; *Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 134, 421 N.E.2d 876.) Count I against Swift sufficiently alleged these two elements. In this regard, we reject defendants' argument that the elements of an action for retaliatory discharge were not alleged because plaintiff was not discharged but was merely indefinitely suspended. (See *Bryce v. Johnson & Johnson* (1983), 115 Ill. App. 3d 913, 921, 450 N.E.2d 1235.) This contention was contested by plaintiff in his response to the motion to dismiss and in his supporting affidavit, and thus is merely a disputed question of fact. Under these circumstances, the lower court is bound to deny the motion if the action is one in which a party is entitled to a trial by jury and a jury demand has been filed by the opposite party in apt time. (Ill. Rev. Stat. 1981, ch. 110, par. 2—619(c); *Venturini v. Affatato* (1980), 84 Ill. App. 3d 547, 555, 405 N.E.2d 1093.) In the present case, plaintiff in fact filed a timely jury demand. The lower court was therefore correct in its initial denial of the motion to dismiss on the ground that a question of fact was presented.

In reversing this cause, we do not reach the question whether counts II through IV adequately stated causes of action in conspiracy against the named individual defendants. Upon remand, the parties may file further pleadings on this question if they so desire.

Accordingly, the order of the circuit court of Kane County dismissing plaintiff's complaint is reversed and remanded for further proceedings.

Reversed and remanded.

LINDBERG and REINHARD, JJ., concur.